233 S.W.2d 729 (1950)
PERSONS
v.
PRUDENTIAL INS. CO. OF AMERICA.
No. 41976.
Supreme Court of Missouri, Division 1.
November 13, 1950.
*730 Flynn & Parker, Francis C. Flynn and Norman C. Parker, all of St. Louis, for appellant.
Charles E. Gray and Chelsea O. Inman, St. Louis, for interpleaded respondent.
LOZIER, Commissioner.
This appeal by Margaret Persons, plaintiff below (herein called plaintiff), is from a judgment and decree that Elisabeth Persons, interpleaded defendant below (herein called defendant) was entitled to the proceeds of a life insurance policy. The sole issue is whether the insured made an effective change of beneficiary.
Plaintiff and defendant are the mother and widow, respectively, of Lawrence M. Persons who died June 16, 1948. The policy, for $12,000, dated June 20, 1940, was issued to Mr. Persons by The Prudential Ins. Co. of America, an "old line" company, original defendant below (herein called the company). Policy provisions reserved to him the right to change the beneficiary without the beneficiary's consent, and provided that "the insured may at any time * * *, by written notice to the company at its home office, change the beneficiary or beneficiaries * * *, such change * * * to become effective only when a provision to that effect is endorsed on or attached to the policy by the company, whereupon all rights of the former beneficiary or beneficiaries shall cases."
The original primary beneficiary was Violet F. Persons, then the wife of the insured. Several changes of beneficiary were thereafter made and endorsed upon the policy. The endorsement under which plaintiff claims, dated May 7, 1943, made her the primary beneficiary.
Another policy provision reserved to the insured an option "to have the insurance continued as reduced paid-up life insurance," such option "to take effect as of the date to which premiums shall have been paid." Insured had paid the premiums to June 20, 1948, the anniversary date of the policy, and all prior premiums.
On May 27, 1948, the company's St. Louis office wrote Mr. Persons: "At the request of Mr. Horton, we are attaching application for reduced paid-up insurance and request for change in beneficiary form to be executed by you in connection with the above numbered policy. Please sign forms on the line indicated for your signature, and witnessed before disinterested persons, and return to us for proper handling."
On June 8, the St. Louis office received from Mr. Persons two signed requests, both upon the forms that office had furnished to him. In the change of beneficiary form, dated June 7, he requested that defendant be made primary beneficiary. This is the request under which defendant claims. The other form, dated June 8, was Mr. Persons' application for reduced paid-up insurance. It contained the recital that premiums on the policy "have been paid to June 20, 1948."
On June 8, the St. Louis office forwarded these documents to the company's home office with this letter: "Attached is application for paid-up policy, together with request for change in beneficiary form and the above numbered policy. The insured desires the dividend which is due be paid him in cash. Please forward the reduced policy to us, together with the dividend check." This letter and its enclosures were received by the home office on June 10. On June 18, two days after Mr. Persons' death, and prior to receipt of notice thereof, the home office endorsed the change of beneficiary upon the policy, stamped certain of the policy's provisions "void," and attached "riders" making effective, as of June 20 (the anniversary date of the policy), the change to reduced paidup insurance in the sum of $2016. After receiving notice of Mr. Persons' death, the home office, by stamping the policy and attaching "riders" thereto, "voided" and rendered "inoperative" the change to reduced paid-up insurance. It did not "void" or make "inoperative" the endorsement as to change of beneficiary. Apparently, the *731 home office then returned the policy documents to the St. Louis office which delivered them to plaintiff.
Plaintiff sued the company for the amount of the policy, $12,000. The company paid this sum, and a $60.60 dividend, into court. At the request of the company, defendant was interpleaded and answered. The trial court allowed the company $400 attorneys' fees and discharged it of all liability under the policy. Judgment and decree was for defendant for $11,660.60.
Plaintiff's position is: A change of beneficiary in an "old line" insurance company policy cannot be made effective except by strict compliance with the method prescribed in the policy; the exception (where the insured has done all within his power to do) is inapplicable; and, even if the exception applies, Mr. Persons' intention here was that the change was not to become effective until June 20, which date was four days after his death. By failing to brief, argue or cite authority upon the point, as required by our Rule 1.08, plaintiff abandoned her assignment relating to the exclusion of certain evidence.
Generally, the policy provisions relating to a change of beneficiary must be followed, but equity will hold the requested change effective if the insured has done all that he could to comply with such provisions. 46 C.J.S., Insurance, § 1175, page 75. See also 29 Am.Jur., "Insurance," Sec. 1315, p. 985; and Prudential Ins. Co. of America v. Moore, 7 Cir., 145 F.2d 580, and cases cited therein. In Anno., 78 A.L.R. 970, it is stated: "By the great weight of authority, a change of beneficiary can be accomplished without a strict or complete compliance with the conditions of the policy regarding the endorsement of the insurer. The courts upholding this view usually state the general proposition that a substantial compliance by the insurer with the conditions respecting a change of beneficiary is sufficient."
This is the rule in Missouri. Mutual Life Ins. Co. of Baltimore, Md. v. Burger, Mo.App., 50 S.W.2d 765; Pierce v. New York Life Ins. Co., 174 Mo.App. 383, 160 S.W. 40; and Walsh v. Sovereign Camp, W.O.W., 148 Mo.App. 179, 127 S.W. 645. It applies to an endorsement provided for by statute (Sec. 5850, Mo.R.S.1939, and Mo. R.S.A.). Mutual Life Ins. Co. of New York v. Tuemler, Mo.App., 251 S.W. 727.
Plaintiff cites New York Life Ins. Co. v. Murtagh, 137 La. 760, 69 So. 165; Giuffria v. Metropolitan Life Ins. Co., 188 La. 837, 178 So. 368; and Equitable Life Assur. Soc. v. Stilley, 271 Ill.App. 283. These cases support her position. However, the courts of Louisiana, unlike the courts of this state, apply the rule of strict compliance. The Stilley decision is based upon Freund v. Freund, 218 Ill. 189, 75 N.E. 925, which also apparently supports plaintiff's position. However, we do not interpret the opinion in the Freund case as she does. See Sun Life Assur. Co. v. Williams, 284 Ill.App. 222, 1 N.E.2d 247. In Prudential Ins. Co. of America v. Moore, supra, the Freund and Williams cases were reconciled and the view was expressed that the Illinois rule was not one of strict compliance.
Plaintiff cites Mutual Life Ins. Co. v. Burger, supra, as a case in which the application of the substantial compliance rule was justified. However, she contends that Phoenix Mutual Life Ins. Co. v. Cummings, D.C., 67 F.Supp. 159, and Dunnavant v. Mountain States Life Ins. Co., Mo.App., 67 S.W.2d 785, show the unreasonableness of that rule; that in the Cummings case, "there was no evidence at all of the desire to change ever having been directed to the insurance company, let alone actually communicated to it"; and that in the Dunnavant case, the insurer "knew that the insured's affidavit of lost policy was false at the time it was given."
In the Burger case, the insurer was negligent in losing insured's application, and also failed to insert the name of the new beneficiary in a certificate of lost policy. In the Dunnavant case, the insurer delayed acting upon the application for change of beneficiary; also alleged payments of premiums by the original beneficiary were involved. In the Cummings case, insured's intention had not been communicated to the *732 insurer. In all three cases, wrongful withholding of the policy by the beneficiary (preventing formal compliance with the provisions relating to change of beneficiary) was involved. The substantial compliance rule was followed in all three cases.
Plaintiff next contends that the application of this rule should be confined to instances of policies issued by associations or companies other than "old line" companies. In Equitable Life Assur. Soc. v. Stilley, supra, the substantial compliance rule was so limited. But we see no reason for distinguishing between "old line" companies and fraternal benefit associations. As one authority observed over thirty years ago: "Formerly marked distinctions existed between the two, both in the form of contract, status by statute and judicial construction. Gradually features of each have been adopted by the other and the line of demarcation is becoming fainter." Bacon, Life and Acc. Ins., 4th Ed., Vol. 1, p. 2.
The substantial compliance rule appears first to have been applied only to the fraternal benefit associations or companies because their constitutions, by-laws, rules and regulations required the consent of the insurer. Grand Lodge, A. O. U. W. v. McFadden, 213 Mo. 269, 111 S.W. 1172, and Grand Lodge, A. O. U. W. v. Ross, 89 Mo. App. 621. Change of beneficiary provisions in "old line" policies, such as those involved in the instant case, have been construed, not as requiring the insurer's consent to the change, but as providing a method of notification of the change. They are said to be provisions existing only for the insurer's protection and benefit and, as such, provisions compliance with which may be waived by the insurer. Phoenix Mut. Life Ins. Co. v. Cummings, supra. See Prudential Ins. Co. of America v. Moore, supra, wherein is noted the importance of distinguishing between policy provisions requiring consent to, and those relating to recognition of, the change made by the insured. And see Tillman v. John Hancock Mut. Life Ins. Co. of Boston, 27 App.Div. 392, 50 N.Y.S. 470, where the policy required the insurer's consent and the insurer had returned the application to the local office for additional information upon which to determine whether such consent would be given. In Mutual Life Ins. Co. of New York v. Tuemler, supra [251 S. W. 729], the court said that the requirement of the statute was for the benefit of the company and "relates to the evidence of the change; the failure to so endorse the policy does not affect the change itself."
It is often stated that compliance with such a provision may be waived by the insurer. In Dunnavant v. Mountain States Life Ins. Co., supra, the acts of the insurer in furnishing the insured with forms and accepting his affidavit regarding nonpossession of the policies were held to constitute a waiver. Interpleader and payment into court is a waiver. Gnekow v. Metropolitan Life Ins. Co., Mo.App., 99 S. W.2d 126, and Phoenix Mutual Life Ins. Co. v. Cummings, supra, and Missouri cases cited therein. And such procedure is customary where, as here, the insurer concedes liability on the policy. Mutual Life Ins. Co. of Baltimore, Md. v. Burger, supra.
On the other hand, it has been said that the rights of the beneficiary named in or last endorsed on the policy become "vested" on the death of the insured and that no waiver or any acts of the insurer thereafter can affect such beneficiary's "vested rights." See Equitable Life Assur. Soc. v. Stilley; Freund v. Freund; and Giuffria v. Metropolitan Life Ins. Co., supra. This statement is proper only where the strict compliance rule is followed. Under either rule, whatever rights such a beneficiary has is subject to insured's right and power to change the beneficiary. McKinney v. Fidelity Mutual Life Ins. Co., 270 Mo. 305, 193 S.W. 564; Robinson v. New York Life Ins. Co., 168 Mo.App. 259, 153 S.W. 534; and Clarkston v. Metropolitan Life Ins. Co., 190 Mo.App. 624, 176 S. W. 437. And see Sun Life Assur. Co. v. Williams, supra, and Kochanek v. Prudential Ins. Co., 262 Mass. 174, 159 N.E. 520. Under either rule, an effective change by the insured divests the former beneficiary of all rights under the policy. So where, as in this state, the substantial compliance rule *733 prevails, and the insured has done all within his power to exercise his right to change the beneficiary, the change itself is effective before his death. Any act of the insurer thereafter becomes a mere formality and its so-called "waiver" is not one of consent to the change but waiver of the method of recording notice of the change upon the policy and upon the insurer's books and records. Pierce v. New York Life Ins. Co., supra.
Next, conceding that the basis of the substantial compliance rule is the accomplishment of the insured's intention, plaintiff submits that the intent of Lawrence M. Persons was that the change of beneficiary in the original policy, and the conversion of that policy into a reduced paid-up policy, were to be simultaneous; and that defendant was not to supercede plaintiff as beneficiary until June 20, 1948. Plaintiff argues that such must have been insured's intention because he requested both forms at the same time, had his signatures thereon attested by the same witnesses and delivered them to the company's St. Louis office at the same time.
Plaintiff says that if Mr. Persons had wanted the change of beneficiary to become effective immediately, and the reduced paid-up insurance delayed until June 20, he could easily have said so. But, as we read the provisions of the policy (which Mr. Persons had before him when he executed the two forms and which he delivered with these forms to the St. Louis office), if he had not wanted the change of beneficiary to become effective immediately he would have said so. No mention was made in the change of beneficiary form as to when the change was to take effect. Under the substantial compliance rule, the change became effective when he delivered the policy and the request for the change to the St. Louis office,he had then done all within his power to do. Under the policy provisions relating to conversion to reduced paid-up insurance, such converted insurance was "to take effect as of the date to which the premiums shall have been paid." Mr. Persons' request not only described the policy by number and name of the insured, but recited that the premiums thereon "have been paid to June 20, 1948." On the face of the documents, it was Mr. Persons' intention that the change of beneficiary take place immediately and was not to be suspended until the policy was converted. Even if the simultaneous delivery of the two forms to the St. Louis office was a circumstance tending to show that his intention was otherwise, the terms of the requests were clear and unambiguous and cannot, under the parole evidence rule, be varied. See Commerce Trust Co. v. Watts, Mo.Sup., 231 S.W.2d 817; and Bank of Mountain View v. Winebrenner, 355 Mo. 79, 195 S.W.2d 486.
Finally, plaintiff suggests that defendant is equitably entitled only to $2016, the amount of the reduced paid-up insurance, citing Grand Lodge, A. O. U. W. v. McFadden, supra. In that case a previously designated beneficiary was allowed reimbursement for premium payments made by her prior to the change of beneficiary by the insured. Neither plaintiff nor defendant here paid any premiums. Furthermore, here the policy never became converted to one for $2016 paid-up insurance. It remained one for $12,000 and either plaintiff or defendant, whichever was the beneficiary under that policy, was entitled to the full amount. We have found that the defendant was such beneficiary.
Accordingly, the judgment is affirmed.
VAN OSDOL and ASCHEMEYER, CC., concur.
PER CURIAM.
The foregoing opinion by LOZIER C., is adopted as the opinion of the court.
All concur.