**POSTAL LIFE AND CASUALTY INSUR-
ANCE COMPANY, a Corporation,
Respondent,**

**v.**

**Mildred Warren TILLMAN (Previously Mildred Warren Reeves), Joe A. Reeves, Jr., Gladys Reeves, Haywood Scott, John W. Scott, and Russell Mallett,**

Mildred Warren Tillman, Appellant.

No. 7430.

Springfield Court of Appeals.

Missouri.

Jan. 23, 1956.

Paul E. Carver, Neosho, Helen Redding, Joplin, for appellant.

Haywood Scott, Joplin, for respondents Haywood Scott, John W. Scott and Russell Mallett.

Vern E. Thompson and Loyd E. Roberts, Joplin, for respondent Gladys Reeves.

McDOWELL, Presiding Judge.

This is an interpleader action involving the payment of the proceeds of a life insurance policy, dated May 24, 1946, issued by the St. Louis Mutual Life Insurance Company of St. Louis, to Joe A. Reeves, who died July 26, 1953.

The petition named as defendants, Mildred Warren Tillman, Gladys Reeves, Haywood Scott, John W. Scott and Russell Mallett, claimants of the proceeds of the policy.

It alleged Joe A. Reeves was insured with plaintiff-company under policy No. 48907 for $10,000; that on the date of his death there was due $4,640.

It stated Mildred Warren Tillman, by endorsement on the policy dated July 3, 1950, was named beneficiary. That on or about January 18, 1951, Joe A. Reeves submitted to plaintiff a requested change of beneficiary, naming Joe A. Reeves, Jr., beneficiary; that the request was denied

by the company because it was not accompanied by the policy of insurance for endorsement as required under the terms of the policy. ·

That on or about June 18, 1951, Joe A. Reeves, through his trustee in bankruptcy, submitted to the company a written request for change of beneficiary, naming Gladys Reeves as beneficiary; that this request was denied because the policy was not submitted so the changed beneficiary could be endorsed thereon. .

That on May 7, 1951, the company was served with an assignment of said policy, dated January 20, 1951, whereby Joe A. Reeves assigned the policy to defendants, Scott, Scott & Mallett to secure his note of the same date for $2,000; that the assignment was in force at date of insured's death.

It stated that the company waived none of the provisions of the policy pertaining to change of beneficiary or assignment by the filing of the interplea; that it was not in a position to know to whom the proceeds of the policy belonged and asked the court for an order permitting it to pay the proceeds into court for the benefit of those entitled; that it be allowed a reasonable attorney fee and court costs incurred to be paid out of the fund.

Each of defendants filed answer to the petition. Defendant, Gladys Reeves, claimed the proceeds of the policy under an assignment executed by Joe A. Reeves, Jr., to her as beneficiary under the policy.

The answer pleaded that insured requested plaintiff for a change of beneficiary dated January 18, 1951; that he notified the company he was unable to submit the policy for endorsement as provided in the insurance contract for the reason that it was in possession of his estranged wife, from whom he was seeking a divorce, and that she would not surrender the same to him. The answer stated that insured did all he could to make an effective change of beneficiary to Joe A. Reeves, Jr., and the company's refusal, because the policy was not submitted, was wrongfully made. It pleads that the change was actually made.

Defendant further claims the proceeds of the policy by virtue of a requested change of beneficiary made by the insured through his trustee in bankruptcy June 18, 1951. She pleads that the policy was, at that time, in possession of his divorced wife or in possession of the trustee in bankruptcy and could not be produced. The answer alleges that the company acknowledged receipt of the requested change of beneficiary wherein this defendant was named beneficiary in lieu of Mildred Warren Tillman and that the company did not notify insured or this defendant that the change was not made, leading insured to believe that such change was effective and, because of such circumstances, insured made no further effort to make the change of beneficiary to his (then) wife, this defendant, and that in equity she is entitled to the proceeds thereof.

Defendants, Haywood Scott, John W. Scott and Russell Mallett, in their answer plead that Joe A. Reeves assigned the policy in question to them January 20, 1951, to secure his note on that date executed to them for $2,000, on which there is now due $1,000.57 with interest. They pray judgment for that amount out of the proceeds of the policy.

Mildred Warren Tillman by answer pleads that she is entitled to the proceeds of the policy as the named beneficiary therein.

Under the terms of the policy of insurance the insured reserved the right to change the beneficiary at any time upon the filing of a written request therefor with the company at its home office accompanied by the policy for endorsement. Such change, when so endorsed on the policy by the company, to be effective on the date of request.

It further provided that the policy could be assigned by insured by making the assignment in duplicate, sending both copies to the Home Office for consent and record; that any claim made under the assignment

shall be subject to satisfactory proof of the interest and extent thereof.

The evidence shows: That Joe A. Reeves, insured, was married to Mildred Tillman, defendant, June 8, 1950; that on July 3, 1950, he requested change of beneficiary naming Mildred Tillman as beneficiary, which request was granted by the company and endorsed on the policy and she remained beneficiary until the death of insured.

It shows that the insured, after making (his then wife) Mildred Tillman beneficiary in the policy involved, put the policy, together with three other policies of insurance, carried with plaintiff-company, in a box and turned them over to defendant, Mildred Warren Tillman, and that all of said policies remained in her possession until two days after her divorce from insured, to wit, February 9, 1951, at which time defendant Tillman delivered all of the policies to the law office of defendants, Scott & Scott, who were insured's attorneys in the divorce action and took from their secretary a receipt therefor.

February 7, 1951, defendant Tillman was divorced from insured. After the policies were delivered to the office of Scott & Scott on February 9, 1951, defendant, Mildred Warren Tillman, never had possession or control over the policies, including the one in issue, and learned that she was the named beneficiary after the death of the insured.

Mildred Warren Tillman testified that while the divorce suit was pending, insured called her on the telephone many times but, at no time, did he ever mention the insurance policies or ask for possession thereof.

The testimony is undisputed that insured, through his attorneys, Scott & Scott, on January 18, 1951, requested of plaintiff-company a change of beneficiary in the policy in issue and named Joe A. Reeves, Jr., beneficiary in lieu of his ex-wife, Mildred Warren Tillman; that this request was refused because it was not accompanied by the policy for endorsement. On January 25th Scott & Scott wrote a letter to plaintiff stating that the insurance policy at that time, together with other papers of insured, were in a lock box in insured's home; that insured's wife was in possession of the home and would not permit insured to come to the home or give him the policies and stated that it was impossible to produce the policy and asked plaintiff-company to make the change. In this letter much authority was cited showing that where insured did all he could do to make an effective change of beneficiary, the change should be made.

The evidence shows that from February 9, 1951, until March 27, 1951, the date Joe A. Reeves was adjudicated a bankrupt, this insurance policy was in the possession of attorneys Scott & Scott, who had represented insured in the divorce action. There is no evidence to show that insured did not have the power during this time to comply with the terms of the policy as to making an effective change of beneficiary nor does the evidence show that he made any attempt during that time to make an effective change of beneficiary. It shows that his petition in bankruptcy was filed March 25th; that he was adjudicated a bankrupt March 30, 1951; that one, Craig, was named trustee in bankruptcy of his estate and, as such trustee, took possession of the insurance policy in issue, together with the other insurance policies carried by insured with plaintiff-company; that he made a request of plaintiff-company for information regarding the cash surrender value of these policies, all of which were listed as a part of the assets of the bankrupt and was furnished such information by the company; that on June 18, 1951, insured, who was then married to Gladys Reeves, had the trustee make a written request to plaintiff-company to change the beneficiary in this and other policies naming his (then) wife, Gladys Reeves, beneficiary in lieu of Mildred Warren Tillman. The trustee testified that he refused to permit insured to send in the policies so the change of beneficiary could be endorsed thereon because the estate had an interest in such policies. The evidence shows that plaintiff-company refused to make the

change of beneficiary because the policies were not sent in.

The trustee in bankruptcy, Mr. Craig, gave this testimony:

"Q. Did you at that time inform Mr. Reeves that it was not necessary to surrender the, to send in the policies? A. No. I didn't do that. I told him I wouldn't surrender them because I was trying to cash them in for the benefit of the creditors and get something for them out of the estate."

The evidence shows that the trustee learned that this policy had been assigned to Scott & Scott, defendants and that there was nothing in it for the benefit of creditors and filed a petition with the court for permission to disclaim as to this policy, which petition was granted and the court ordered the policies abandoned on February 23, 1952; that this and all of the policies listed in the bankrupt estate by the insured were then turned over to the bankrupt's attorney and that from the date of the court's order on February 23, 1952, to the date of the death of insured, these policies were in the control of the insured.

The evidence shows that the insured placed the policy in issue in a lock box in his home; that he made no attempt to have the beneficiary changed and that the policy was found in the lock box after his death.

Gladys Reeves, claimant, testified that she did not know where the policy was until after the death of deceased when it was found in deceased's home in the lock box. She testified that the other policies were placed in a lock box in insured's store; that plaintiff's agent came by and she gave him two of the policies so the beneficiary could be changed and that the beneficiary on these policies was changed and the change endorsed by the company on the policies.

Gladys Reeves testified that when she turned in the other insurance policies to plaintiff-company, through the company's agent, nothing was said about the policy in question. She testified the insured had possession and control of the policy in issue from April until the next July.

The trial court rendered judgment January 13, 1955. He allowed the claim of plaintiff for reasonable attorney fee, as interpleader, the sum of $200 and court costs of $13 and ordered these amounts be paid out of the funds.

He rendered judgment in favor of defendants, Haywood Scott, John W. Scott and Russell Mallett, as assignees of the policy, in the sum of $1,000.57 with $122.30 interest and he found in favor of defendant, Gladys Reeves, for the balance of the proceeds of the policy, amounting to $3,304.13 and against defendant, Mildred Warren Tillman and ordered that she pay all costs. From this judgment defendant, Mildred Warren Tillman, appealed.

■ This being an action in equity we try the case de novo. Gardine v. Cottey, 360 Mo. 681, 230 S.W.2d 731, 738; McBee v. Twin City Fire Ins. Co., Mo.App., 238 S.W.2d 685; Bullock v. E. B. Gee Land Co., 347 Mo. 721, 148 S.W.2d 565; Fendler v. Roy, 331 Mo. 1083, 58 S.W.2d 459, 465.

The trial court's allowance to interpleader of a reasonable attorney fee is not contested.

It is contended by appellant that insured could not make a valid assignment or change of beneficiary while still married to beneficiary without her consent. Nor could this be done after beneficiary divorced insured except by complying with the statute and terms of the policy.

Section 376.560 RSMo 1949, V.A.M.S., is relied upon to support this contention. We find this section does not apply in the instant case. It was enacted to protect the widow as beneficiary of life insurance from creditors and any provision that she might make for application of policy proceeds to the payment of creditors of her husband would be without consideration. Prudential Ins. Co. of America v. Osadchy, D.C., 54 F.Supp. 711; Seifert v. Jones, 84 Mo. 591.

■ The law in this state is that where a policy of life insurance is issued reserving to the insured the right to change the

beneficiary, the issuance of the policy does not confer a vested right in the beneficiary and the insured has the right to change beneficiary without the original beneficiary's knowledge or consent, unless insured has assigned all his right or has made a complete gift of the policy to beneficiary. Fendler v. Roy, supra.

In St. Louis Union Trust Co. v. Dudley, Mo.App., 162 S.W.2d 290, 292, the court stated:

"* * * An assignment of a policy is one thing, and a change of beneficiary another, even though the net result may be the same in a particular case; and where, as here, the insured has reserved to himself the right to change beneficiary so that the named beneficiary has acquired no vested interests in the policy, his further right of assignment is superior to any conditional right of the named beneficiary, and the exercise of such right should logically defeat the right of the beneficiary to retain the proceeds of the insurance as against the claim of the assignee. Missouri State Life Ins. Co. v. California State Bank, 202 Mo.App. 347, 216 S.W. 785; Cornell v. Mutual Life Ins. Co., 179 Mo.App. 420, 165 S.W. 858."

■ We affirm the judgment of the trial court as to defendants Haywood Scott, John W. Scott, and Russell Mallett. We find that the assignment was valid and binding that the insured had the right under the policy to make such assignment without the consent of the named beneficiary; that in making the assignment the insured complied with the terms of the policy.

The crux of this appeal is the action of the trial court in rendering judgment for the balance of the proceeds of the policy in favor of Gladys Reeves, widow of insured, and finding against appellant, Mildred Warren Tillman, the named beneficiary in the policy.

■ The law is well settled in this state that where a divorced husband knowing that former wife was named beneficiary in a life insurance policy insuring his life, and had the ability and opportunity to change such designated beneficiary but failed to exercise his known right to make any change, upon his death, the former wife is entitled to the proceeds of the policy as against surviving widow. John Hancock Mut. Life Ins. Co. v. Dawson, Mo. App., 278 S.W.2d 57, 62; Barnsdall Refining Corp. v. Cushman-Wilson Oil Co., 8 Cir., 97 F.2d 481.

Appellant contends that she is entitled to the funds as named beneficiary in the policy of insurance involved; that insured made no change of beneficiary in said policy although he had the ability and opportunity to make any change he desired and had knowledge of his right to do so.

Respondent, Gladys Reeves' claim as assignee of Joe A. Reeves, Jr., presents the sole issue of whether or not the insured made an effective change of beneficiary by his request dated January 20, 1951, to plaintiff-company. It is under this contention respondent, Gladys Reeves, claims that the insured, under the circumstances shown, did all he could to make the change of beneficiary, naming Joe A. Reeves, Jr., beneficiary in lieu of appellant.

■ We think the law in Missouri governing this issue is well settled. In Persons v. Prudential Ins. Co. of America, Mo.Sup., 233 S.W.2d 729, 731, this law is stated:

"Generally, the policy provisions relating to a change of beneficiary must be followed, but equity will hold the requested change effective if the insured has done all that he could to comply with such provisions. 46 C.J.S., Insurance, § 1175, page 75. See also 29 Am.Jur., 'Insurance,' Sec. 1315, p. 985; and Prudential Ins. Co. of America v. Moore, 7 Cir., 145 F.2d 580, and cases cited therein. In Annotation, 78 A.L.R. 970, it is stated: 'By the great weight of authority, a change of beneficiary can be accomplished without a strict or complete compliance with the

conditions of the policy regarding the endorsement of the insurer. The courts upholding this view usually state the general proposition that a substantial compliance by the insurer with the conditions respecting a change of beneficiary is sufficient.'

"This is the rule in Missouri. Mutual Life Ins. Co. of Baltimore, Md. v. Burger, Mo.App., 50 S.W.2d 765; Pierce v. New York Life Ins. Co., 174 Mo. App. 383, 160 S.W. 40; * * *". Dunnavant v. Mountain States Life Ins. Co., Mo.App., 67 S.W.2d 785, 789; Metropolitan Life Ins. Co. v. Haack, D.C., 50 F.Supp. 55, 61; Mutual Life Ins. Co. of New York v. Tuemler, Mo.App., 251 S.W. 727; Brotherhood of Railroad Trainmen v. Adams, 222 Mo.App. 689, 5 S.W.2d 96.

In Mutual Life Ins. Co. of Baltimore, Md. v. Burger, Mo.App., 50 S.W.2d 765, 767(3, 4), the law is stated:

"One of the familiar maxims of equitable jurisprudence is that equity regards that as done which ought to be done (Martin v. Martin, 250 Mo. 539, 550, 157 S.W. 575; 21 C.J. 200); and, inasmuch as equity does not demand impossible things, but is free to view the case in the light of the above principle, a court of equity will hold that the insured has done all that equity demands of him when its appears that he has complied with all the requirements of the policy within his power for the purpose of making a change of beneficiary (37 C.J. 585; 14 R.C.L., p. 1392, § 556)."

█ Our courts have held that provisions in insurance policies as to change of beneficiary are solely for the insurer's benefit and where the insured does all in his power to effect a change of beneficiary, equity will consider such change made. It was stated in Persons v. Prudential Ins. Co. of America, supra, 233 S.W.2d at pages 732 and 733:

' "* * * So where, as in this state, the substantial compliance rule

prevails, and the insured has done all within his power to exercise his right to change the beneficiary, the *change* itself is effective before his death. * * * *"

█ It then becomes a question of evidence as to whether insured in the instant case did all in his power to effect a change of beneficiary naming Joe A. Reeves, Jr., in lieu of appellant. In determining this question we consider all of the evidence and from a consideration of the evidence we cannot agree with the trial court that there was an effective change of beneficiary. The evidence, we think, shows that the policy of insurance in question was placed in possession and under the control of appellant by insured. It was kept in insured's home, together with other policies. The requested change of beneficiary was made while insured and appellant were living apart, before the divorce. The record shows that insured never made any effort whatsoever to secure possession of the policy. He telephoned appellant about other matters but at no time did he ever request this policy so that he could send it in and have the beneficiary changed as he had the right to do. True enough, his attorneys wrote the company that appellant had control over the policy and would not surrender it so the change of beneficiary could be endorsed thereon. Insured's attorneys secured possession of this policy fifteen days after that letter was written. They knew the insurance company requested their client, the insured, to send in the policy, yet, that policy remained in their possession from February 9, 1951, until possibly March 25, 1951, when it was turned over to the trustee in bankruptcy as a part of the assets of insured's estate. The evidence shows that insured probably abandoned the idea of making Joe A. Reeves, Jr., beneficiary in the policy. He had been notified by the company that it was necessary to send in the policy so the requested beneficiary could be endorsed thereon. He had control over the policy from February 9, 1951, until it was turned over to the bankruptcy court the last of March and made no attempt to make

this requested change of beneficiary ·effective by complying with the terms of the policy. The evidence further shows that on June 18, 1951, while this policy was in the possession of the trustee in bankruptcy, insured attempted to have Gladys Reeves (his then wife) made beneficiary in lieu of appellant. He knew at that time appellant was the named beneficiary in the policy and he was attempting to have Gladys Reeves made the beneficiary and not Joe A. Reeves, Jr. We find the evidence does not sustain the claim of Gladys Reeves as assignee of Joe A. Reeves, Jr., because it fails to show that the insured did all in his power to make Joe A. Reeves, Jr., the beneficiary in said policy.

The second contention of Gladys Reeves is that she is entitled to the proceeds of the policy under an attempted change of beneficiary sent in by the trustee in bankruptcy for the insured June 18, 1951.

It is respondent's contention that although the change of beneficiary was requested of plaintiff-company and the receipt thereof acknowledged by the company, yet the company never notified the insured or respondent that the change had not been made and insured was led to believe that such change of beneficiary naming respondent, Gladys Reeves, in lieu of appellant as beneficiary had been effected and did nothing further about the matter.

The evidence does not bear out this contention. At the time of making this request by the insured the policy of insurance had been listed in the assets of the bankrupt estate and surrendered to the trustee as a part thereof. The trustee testified that he refused to surrender this and insured's other policies so they could be sent in to the company with the requested change of beneficiary because he was trying to get the cash value of the policy for the benefit of creditors. He testified he did not tell the insured that it was not necessary to send the policy in to the company to make the requested change of beneficiary effective. Insured, at that time, knew that Mildred Warren Tillman was the named beneficiary. He was refused by

the trustee the possession of the policy and was informed that the trustee was attempting to cash these policies in for the benefit of creditors. The evidence shows the company notified the trustee in bankruptcy that it was not waiving any of the policy provisions regarding the change of beneficiary.

 We think the evidence conclusively shows that insured knew that the beneficiary had not been changed under this request. The evidence shows that the trustee in bankruptcy obtained information from the company as to what the cash surrender value of this policy was in his attempt to realize thereon for the benefit of creditors but that he later learned that this policy had been assigned for more than the cash value and filed a petition in the court for power to disclaim as to the policies, which petition was granted by order of the court in February, 1952. The evidence shows that after this order was entered the policy in issue, together with insured's other policies, were turned over to insured's attorney, who represented him in the bankruptcy action, and that these policies were in the possession and control of the insured until the date of his death. The evidence shows that insured put the policy in issue in a lock box in his home where it remained in his control and possession until the date of his death. Gladys Reeves testified he had the control and possession of the policy from April until the next July. He took the other policies and placed them in his store and Gladys Reeves testified she got these policies and turned them over to an agent of the company to be sent in and have herself made beneficiary in lieu of appellant, which was done. She testified that at the time the agent called for the policies at the store, the one in issue here was not mentioned and she knew nothing about where it was until it was found after insured's death. We cannot say that something might have happened between insured and his wife which caused insured to secrete this policy in order to prevent his wife from sending it in to have the beneficiary changed. There can be no doubt that

insured, knowing that appellant, his former wife, was the named beneficiary in the life insurance policy, had the ability and opportunity to change such designated beneficiary but failed to exercise his known right to make such change and for that reason we find against Gladys Reeves, respondent, herein on this issue. There is nothing to justify a court of equity in holding that there was an effective change of beneficiary made by insured under the requested change of June 18, 1951. There are no facts to justify estoppel.

Judgment reversed and remanded with directions that the judgment in favor of Gladys Reeves for the balance of the proceeds of the policy in the sum of $3,304.13 be set aside and judgment entered for appellant, Mildred Warren Tillman, for such balance and that costs be paid by respondent, Gladys Reeves. The judgment of the trial court in all other respects is affirmed.

STONE and RUARK, JJ., concur.