The PRUDENTIAL INSURANCE COMPA-
NY OF AMERICA, a Corpo-
ration, Plaintiff,

v.

Malinda NEWSOM, Defendant-Appellant,

and

Lionel Newsom, a/k/a Lonel Newsom,
Defendant-Respondent.

No. 32432.

St. Louis Court of Appeals.

Missouri.

Oct. 18, 1966.

Ellis S. Outlaw, St. Louis, for defendant-appellant.

Morris M. Hatchett, St. Louis, for defendant-respondent.

RUDDY, Judge.

Defendant, Malinda Newsom, wife of Lawson J. Newsom, deceased, and Lonel Newsom, son of decedent, Lawson J. Newsom, were rival claimants of the proceeds ($1018.30) of a certificate of life insurance issued under a group policy by plaintiff, Prudential Insurance Company of America. Plaintiff filed a "Petition for Interpleader" joining both of the claimants as defendants and obtained an order from the trial court requiring the rival claimants to interplead their claims to the fund remaining on deposit in the registry of the court. Plaintiff deposited the sum of $1018.30 less $191.10 allowed it as expenses and attorneys' fees and was discharged from further liability. After a hearing on the interpleaded claims the court found in favor of Lonel Newsom and entered judgment accordingly. Malinda Newsom appealed.

Malinda Newsom claimed the fund on deposit by virtue of the provisions of an alleged last will and testament of her deceased husband, Lawson J. Newsom. Lonel Newsom claims the fund by reason of being named the designated beneficiary in said certificate of insurance. The respective claims were submitted to the trial court on the pleadings and an agreed statement of facts. We think the following properly summarizes all of the matters submitted to the trial court.

Lawson J. Newsom was employed by the Pullman Company as a porter prior to his death. On July 1, 1958, while so employed, the Prudential Insurance Company of America issued to him its certificate of insurance under a Group Policy issued to the Pullman Company. Among other benefits provided in the certificate of insurance issued to the aforesaid employee was a provision for death benefits which read:

"* * * If the Employee dies while insured for Employee Group Life Insurance under the Group Policy, the amount of Employee Group Life Insurance then in force on the life of the Employee will be paid to the Beneficiary."

When the aforesaid certificate of insurance was issued to the employee he named Georgia Newsom, his then wife as beneficiary. It appears that his wife, Georgia Newsom, died sometime prior to May 11, 1964.

Another provision contained in the certificate of insurance was the following:

"BENEFICIARY.—The Employee may, from time to time and without the consent of the Beneficiary, change the Beneficiary by filing written notice of the change through the Policyholder on a form furnished by or satisfactory to the Insurance Company, whereupon an acknowledgement of the change will be furnished the Employee for attachment to this Certificate. * * * When a new designation takes effect, any interest of any previous Beneficiary shall thereupon cease.

\* \* \* \* \* \*

"Any amount of Employee Group Life Insurance for which there is no Beneficiary at the death of the Employee will be payable to the estate of the Employee."

On May 11, 1964, Lawson J. Newsom, the employee, executed a request for change of beneficiary from Georgia Newsom to "LONEL NEWSOM Son." Pursuant to said request for change of beneficiary a new certificate of insurance was issued to Lawson J. Newsom by the insurer designating Lonel Newsom, Son, as beneficiary for death benefits.

Lawson J. Newsom, after the death of his first wife Georgia, married defendant, Malinda Newsom, who was his wife on the date of his death which occurred October 16, 1964.

On August 10, 1960 Lawson J. Newsom executed a "Last Will and Testament" which provided in part as follows:

"SECOND. All the rest and residue of my estate, whether real, personal or mixed and wherever situate, including all cash in the Jefferson Bank and Trust Company and insurance from the Pullman Company, I give, devise and bequeath to my wife, Malinda Newsom."

On March 19, 1965 the Probate Court of the City of St. Louis, Missouri entered its order refusing Letters of Administration in the Estate of "Lawson Newsom a/k/a Lawson J. Newsom" giving as its reasons for refusing the Letters of Administration that Malinda Newsom claimed to have discovered additional assets belonging to the decedent, to wit:

" 'Whatever interest, if any, the deceased had in a Prudential Insurance Company of America, Policy No. G–40626, Certificate No. 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, in the sum of $1,000.00 (issued in the name of Lawson J. Newsom).' "

It was agreed that part of decedent's funeral bill was paid by the wife, Malinda Newsom, and the balance was paid by the son, Lonel Newsom.

Malinda Newsom in her points relied on and in her argument in her brief says,

" * * * The court will note that at the time of the change of beneficiary, from his deceased wife, Georgia to his wife's son Lonel Jr., the deceased had just come out of the Hospital from a prolonged illness on May 11, 1964, and at the time was not in a physical condition to be fully conscious of what he was doing and obviously he signed it under 'Duress or undue Influence' * * *."

There is not one bit of evidence in the record before us that bears upon or is in any way related to the decedent's physical or mental condition at the time he executed the change in beneficiary from his former wife Georgia to his son Lonel Newsom; nor is there one bit of evidence to support the apparent contention that he signed said change of beneficiary under duress or undue influence.

Another contention made by Malinda Newsom is that " * * * Since under the law, the husband cannot will away anything from the surviving wife. The designation of Lionel J. Newsom, Jr. as beneficiary is null and void and of no effect." She cites the case of Smith v. Smith, 327 Mo. 632, 37 S.W.2d 902 in support of this contention. We confess we are unable to understand the meaning of the first sentence quoted above. We are aware that a surviving wife has certain statutory rights that cannot be defeated by the husband. However, such rights are not an issue in this case. The case of Smith v. Smith, supra, was a suit to contest a will. In that case the court held that in such a suit brought by a party in interest, the petition stating a cause of action, it cannot be dismissed without an adjudication upon the will. We do not have a will contest before us.

The sole issue before us for determination is whether the insured, after he has made an apparent attempt in his will to bequeath to his wife, Malinda, the death benefits of his insurance certificate, may thereafter change the beneficiary. We need not determine whether the provision in the will effected a change of beneficiary to Malinda Newsom. In this connection we point out that no attempt was made by the testator to comply with the terms of the policy regulating the change of beneficiary. We will assume, without so ruling, that testator by his will, effectively made his wife, Malinda, the beneficiary of the insurance benefits at the time he executed the will. Nevertheless, we think that the insured had the right

after executing the will to again change the beneficiary.

■ An insurance policy is a contract and should be construed according to the rules applicable to contracts, even as to the provisions in the policy designating the beneficiary and the right to change the beneficiary and this is also true of a certificate issued under a contract of group life insurance. The court will be governed by the language of the policy and the intention of insured as indicated therein. Sims v. Missouri State Life Ins. Co., 223 Mo.App. 1150, 23 S.W.2d 1075, 29A Am.Jur. Insurance, Section 1761, p. 836. It has been said that the language of the policy designating the beneficiary is to be treated as though it were of testamentary character, in that it is to receive, as nearly as possible, the same construction as if it were used in a will. Sims v. Missouri State Life Ins. Co., supra. For some reason, not understandable to us, Malinda Newsom takes this to mean that when the insured by his will made her the beneficiary of the insurance proceeds, he thereby revealed an intention that she have the proceeds, and having done so, testator thereafter, cannot change the beneficiary in the manner shown in this case. What is overlooked by Malinda Newsom is that the rule provides that the *language of the policy* designating the beneficiary is to be treated as though it were of testamentary character. The language of the certificate of insurance under review here is clear and unambiguous as to who is to receive the proceeds of the insurance at the death of the insured. It clearly provides that the proceeds will be paid to the beneficiary named in the certificate of insurance at the time of the death of the insured. This language needs no rule of construction to determine its meaning. Also under the language of the insurance certificate the insured enjoyed the privilege of changing the beneficiary at will without the consent of the previous beneficiary. He needed only to substantially comply with the provisions of the certificate. This he did.

■ The naming of a beneficiary in the certificate of insurance issued by the plaintiff herein was but an expression of the intention and will of the insured and was revocable and subject to change at any time. Malinda Newsom did not enjoy any vested right in the insurance certificate and the insured could change the beneficiary, as we have pointed out, at any time unless the laws of this state or the terms of the certificate of insurance itself prohibited or restrained the right of the insured to change the name of the beneficiary. We know of no such law or language in the certificate that would so prohibit the insured from making the change in the name of the beneficiary. He could change the name of the beneficiary with the same freedom as he could have changed the name of a legatee or distributee in his will by the making of a new will before the first one took effect. Persons v. Prudential Ins. Co. of America, Mo., 233 S.W.2d 729; Postal Life & Cas. Ins. Co. v. Tillman, Mo.App., 287 S.W.2d 121; Bennett v. Bennett, 70 Ohio App. 187, 45 N.E.2d 614; and 29A Am.Jur. Insurance, Section 1640, p. 721—Section 1676, p. 754.

■ We rule that Lawson J. Newsom, the deceased, had the right to change the beneficiary of his insurance certificate under date of May 11, 1964, and to name Lonel Newsom, his son, as beneficiary thereof. The trial court correctly found that defendant, Lonel Newsom, was entitled to the sum of money on deposit in the registry of the court paid there by the plaintiff herein. The judgment of the trial court is affirmed.

ANDERSON, Acting P. J. and LACKLAND H. BLOOM, Special Judge, concur.