**CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Plaintiff,**

v.

**Stephen Jesse PETERSON, Sandra Jacquiline Barnes, Mary Katherine Potter and Emery Melton, Executor of the Estate of Wilbur Payne Peterson, Defendants.**

**No. 75–CV–38–SW.**

United States District Court,
W. D. Missouri,
Southwestern Division.

Jan. 6, 1978.

Glenn A. Burkart, Springfield, Mo., for plaintiff.

Joseph A. Bohrer, Springfield, Mo., for defendant Peterson.

Charles M. Edwards, Joplin, Mo., for defendant Potter.

L. R. Buehner, Joplin, Mo., for defendant Barnes.

J. Edward Sweeney, Monett, Mo., for defendant Melton.

## MEMORANDUM AND ORDER

RUSSELL G. CLARK, District Judge.

This is an action filed under the provisions of the interpleader act, 28 U.S.C. § 1335, § 1397 and § 2361 to determine who is entitled to receive the proceeds of a certificate of life insurance issued by plaintiff, Connecticut General Life Insurance Company to Wilbur Payne Peterson. The certificate was issued pursuant to a policy of group life insurance issued to the Gulf Oil Corporation, the former employer of the insured, Wilbur Payne Peterson. The certificate was issued on March 1, 1966. At the time the complaint was filed there was due under the certificate $13,500.00 together with accumulated interest in the amount of $202.50. Thereafter the insurer paid the amount due on the certificate into the registry of this court and also filed a motion for summary judgment and allowance of attorneys fees and suit expenses which was granted; and the plaintiff-insurer was discharged from all liability. A balance of $13,330.32 was left to be distributed to the claimants determined to be entitled thereto by this Court. The Court also issued an order restraining the defendants from instituting any proceedings in any other court affecting the policy in question or the proceeds thereof. Defendants Stephen Jesse Peterson and Sandra Jacquiline Barnes are the sole surviving children of Wilbur Payne Peterson; Mary Katherine Potter is a stepdaughter of the insured; and defendant Emery Melton is executor of the estate of the insured having been duly appointed by the Probate Court of Barry County, Missouri.

All of the claimants except Emery Melton have filed motions for summary judgment stating that there was no genuine issue as to any material fact with each movant maintaining a right to a judgment as a matter of law; and defendant Melton has stipulated to all material facts necessary for the determination of this cause.

Basically, all material facts which have been agreed to between the parties are outlined as follows:

1. On February 8, 1966 Wilbur Payne Peterson (hereafter referred to as insured) completed and executed an application for group life insurance in which he designated as beneficiaries thereof his wife, Anna Mae Peterson, or his son, Stephen Jesse Peterson.

2. The insuror issued the certificate of life insurance effective March 1, 1966.

3. Anna Mae Peterson died February 7, 1974 leaving defendant Stephen Jesse Peterson as the sole surviving named beneficiary to the said life insurance policy.

4. The insured died testate May 7, 1975 maintaining the certificate of insurance in effect until the date of his death.

5. At all times after the certificate of insurance was issued the insured was the sole owner.

6. The insured never made any attempt from the date of the application to the date of his death to change the beneficiary named in the certificate of insurance in accordance with the policy or certificate provisions governing changes in beneficiary.

In regard to the designation of the named beneficiary under the policy, the certificate provided as follows: "When the insurance company receives due proof of your death, your life insurance will be paid to the beneficiary you have designated on the insurance record maintained by Gulf Oil Corporation" and "you may name a new beneficiary or designate a new method of payment of the proceeds of your insurance by filing with your superior . . . a request for such change on a form provided for this purpose. These changes become effective only upon receipt of the written request by the Gulf Oil Corporation but without prejudice to the insurance company on account of any payment made by the insurance company before receipt of your request."

7. On February 26, 1974 the insured executed a Last Will and Testament in which he provided in Paragraph Second thereof: "I hereby give, devise and bequeath all of the monies and security which I may have on hand at the time of my death, including but not limited to cash on hand, bank and savings accounts, retirement funds, and/or insurance policies, stocks and bonds of any and all kinds to Mary Katherine Potter and Sandra Jacquiline Barnes equally, share and share alike."

8. In Paragraph Third of the will it was provided: "I hereby give, devise and bequeath all the rest and remainder of my estate, whether real, personal or mixed and wheresoever located to my son Stephen Jesse Peterson to have and to hold absolutely."

9. In Paragraph Fourth of the will it was provided: "It is my will that my just debts, funeral expenses and the expenses of probate all be taken from the residuary devised to my son, Stephen Jesse Peterson, and that the disposition of my monies and securities as devised and bequested in the second section hereof remain intact."

10. At the time of his death, the insured possessed certain real estate in Barry and Jasper Counties, a bank checking account with a balance of $353.89; a life insurance policy with Homesteaders Life Company in the face amount of $1,000.00 payable at his death to Greenlee Funeral Home. The real estate in Jasper County was sold to pay estate debts and the real estate in Barry County had a reasonable value in excess of $35,000.00. Funds from the Homesteaders policy in the amount of $1,009.28 (face amount of policy plus accrued interest) were paid to the estate.

11. On or about January 10, 1969 the insured and his wife executed separate wills in which among other things they each devised all of the property except real estate located in Barry County, Missouri to be divided equally between Mary Katherine Potter, Sandra Jacquiline Barnes and Stephen Jesse Peterson with the further provision that the real estate located in Barry County, Missouri was to go to the bodily heirs of the sons and daughters [in being at the time of testator's (testatrix) death] of Mary Katherine Potter, Sandra Jacquiline Barnes and Stephen Jesse Peterson.

Defendant Peterson contends that he is entitled to the policy benefits on the basis that he was the sole surviving beneficiary named on the certificate.

Defendants Potter and Barnes claim the insurance proceeds on two theories. First, that the will of the deceased was effective in changing the beneficiary on the certificate of insurance; and second, under the doctrine of election to the effect that Stephen Jesse Peterson could not take under Paragraph Fourth of the will and at the same time renounce the effectiveness of Paragraph Second of the will. The executor contends that the will expressed a clear and unequivocal intent that the proceeds from the insurance certificate shall be disposed of according to the will and that under the laws of the state of Missouri is payable into the estate.

The Court will dispose of this case on the basis that, under Missouri law, the insured's will effectively changed the beneficiary from Stephen Jesse Peterson to Mary Katherine Potter and Sandra Jacquiline Barnes and judgment will hereafter be rendered accordingly. Therefore, it is not necessary to consider the theory of defendants Potter and Barnes that under the doctrine of election defendant Peterson could not take under Paragraph Fourth of the will and at the same time renounce the effectiveness of Paragraph Second of the will. In passing however, this Court finds that it clearly was not the intention of the testator that defendant Peterson was to receive the proceeds of the life insurance policy and also take under Paragraph Fourth of the will, the residuary clause.

■ The rule of election is well set forth in the cases of *Ball v. Ball*, 165 Mo. 312, 65 S.W. 552 (1901) and *Lansdale v. Dearing*, 351 Mo. 356, 173 S.W.2d 25 (1943). This doctrine will not be discussed other than to state that it is based upon the equitable ground that no man can be permitted to

claim inconsistent rights with regard to the same subject.

In construing a will a testator's intention is to be ascertained from the entire will and, if possible, every clause must have some operation and be effective for some purpose. *Shaw v. Wertz,* 369 S.W.2d 215 (Mo.1963). In arriving at the intention of the testator, the intent of the instrument is to be ascertained from the instrument as a whole or from the "four corners" so as to give effect to all its provisions. *Teller v. Kaufman,* 426 F.2d 128 (8th Cir. 1970). It is also the general rule in construing a will that the general testamentary scheme may be considered as based on testator's intent and the will should always be interpreted to carry out as far as possible the general scheme or intent as shown by the entire document. *Mercantile Trust Company v. Sowell,* 359 S.W.2d 719 (Mo.1962). In determining the intent of the testator a trial court may properly consider the will as a whole in light of the circumstances surrounding the testator when the will was executed. *Gannett v. Shepley,* 351 Mo. 286, 172 S.W.2d 857 (1943). In this case when the certificate of insurance was issued the insured named his wife as the primary beneficiary and the defendant Peterson as a contingent beneficiary. At the time the will was executed the insured's wife was dead. In the interim however, the insured and his wife had executed wills indicating an intent generally to divide all the properties of which they die seized equally between the three children (including the insured's stepdaughter). This particular will was executed by the insured on January 10, 1969 following which his wife died. The will in issue in this case was executed by the insured on February 26, 1974. There are no facts whatever which would indicate that between January, 1969 and February, 1974 the insured Wilbur Payne Peterson had substantially changed his mind so as to intend to give defendant Peterson benefits greatly in excess of that to be given to the two girls.

As set forth above, the entire will must be construed in this case to determine the true intent of the testator. If Paragraph Second is not effective to change the beneficiary on the certificate of insurance the result would be that defendant Peterson would receive approximately $48,000.00 from his father's estate while the daughter and stepdaughter would share approximately $1,350.00. Paragraph Fourth of the will clearly indicated that the testator intended for the bequest made to the two girls to be net, with all debts and expenses of probate to be paid out of the property devised to defendant Peterson. In reaching a decision in this case the Court did so through an endeavor to ascertain the testator's real intent and without attempting to make a new will or an equitable disposition of the testator's estate in accordance with the mandate set forth in *Thompson v. Smith,* 300 S.W.2d 404 (Mo.1957).

The true intent of the testator must be given effect if such intent is not in violation of established rules of law. *Humphreys v. Welling,* 341 Mo. 1198, 111 S.W.2d 123 (1937). Attention should therefore be directed to settled law in the state of Missouri to determine if the changing of a beneficiary in a policy of life insurance is in violation of established rules of law in Missouri.

This Court, in an extensive review of Missouri case law, has found no case decided by a Missouri court which would prohibit an insured from changing a beneficiary in a policy of life insurance by a Last Will and Testament and therefore concludes that to give effect to the intent of Wilbur Payne Peterson as found above, would not be in violation of established rules of law in Missouri.

The certificate of insurance issued to the decedent contained provisions governing changes of the beneficiary thereof (Note Paragraph enumerated 6 above) and it is agreed between the claimants in this case that the insured never made any overt attempt whatever to follow the provisions of the certificate in changing the beneficiary from Stephen Jesse Peterson to Mary Katherine Potter and Sandra Jacquiline Barnes and therefore Missouri case law construing

a change of beneficiary to have been made when the insured has substantially complied with all requirements of the policy within his power is not applicable, *Postal Life And Casualty Insurance Company v. Tillman*, 287 S.W.2d 121 (Mo.App.1956) and *Persons v. Prudential Ins. Co. of America*, 233 S.W.2d 729 (Mo.1950), and the Court is not deciding the case on that basis. It is worthy to note however that the certificate did not require any filing whatever with the insurance company as to the designated beneficiary but such filings were to be made with the employer,. the Gulf Oil Company. The certificate also provided that the insured "may name a new beneficiary or designate a new method of payment of proceeds . . . by filing with your superior a request for such change on a form provided for this purpose." (The insured was retired at the time the will was executed in February of 1974 and therefore he had no superior; however, I am sure this would not have prevented him from filing the designation of a different beneficiary with the Gulf Oil Corporation.)

■ Under Missouri law it is well settled that there must be substantial compliance with the policy provisions in order to change the named beneficiary in a policy of life insurance. *Persons v. Prudential Ins. Co. of America, supra.* However, under Missouri law the provisions contained in a policy of insurance in regard to changing the beneficiary has been held to be for the benefit of the insurer and may be waived by it. *Phoenix Mut. Life Ins. Co. v. Cummings*, 67 F.Supp. 159 (W.D.Mo.1946) and *Gnekow v. Metropolitan Life Ins. Co.*, 108 S.W.2d 621 (Mo.App.1937). It is further settled law in Missouri that an insurer does waive such provisions, as the insurer has done in this case, by filing an interpleader action, admitting its liability under the policy, paying the funds into court with the prayer that the court determine whichever one of the rival claimants is entitled to the funds. *Persons v. Prudential Ins. Co. of America, supra* and *Zervas v. Zervas*, 338 F.2d 299 (8th Cir. 1964). The plaintiff Connecticut General Life Insurance Company was granted summary judgment in this case and is no longer a litigant, the only litigants being the three claimants to the proceeds to the certificate of insurance. Therefore, it is clear that the insurer has waived the provision of the certificate in regard to the mode in which a beneficiary thereunder might be changed.

■ The insurer-testator was the complete owner of the policy. He had the unlimited and unconditional right to change the beneficiary from time to time and at any time he wished. Therefore, this Court feels that if a clear intent was expressed by the insured-testator that the beneficiary be changed, this Court should give effect to that true intent if such is not in violation of established rules of law in Missouri. There appears to be no direct Missouri law on this precise question; however, this Court determines that there is no plausible reason why the sole owner of a certificate of life insurance may not change the beneficiary thereon by his Last Will and Testament and holds that the Last Will and Testament of the insured Wilbur Payne Peterson was effective in changing the beneficiary under the certificate of insurance from Stephen Jesse Peterson to Mary Katherine Potter and Sandra Jacquiline Barnes and renders judgment accordingly.

In *Nance v. Hilliard*, 101 F.2d 957 (8th Cir. 1939), the insured's wife was named as a beneficiary in the policy of insurance involved. While the insured did write some letters indicating a desire to change the beneficiary he did not follow the methods prescribed by the policy in an attempt to secure such change. He did make provisions in his Last Will and Testament for a distribution of the proceeds of the policy including relatives in addition to his wife, the named beneficiary. The Court pointed out that there was no indication that the insurance company had notice of the execution of the will but further found at least three other inconsistent expressions of desire to change the beneficiary. The Court then concluded that from these inconsistent expressions a Court of equity could not have determined what change of benefi-

ciary was in fact desired by the insured. There is an indication in that case that the will did not become effective until the death of the testator and that at the same instant, on the death of the insured, the proceeds of the policy vested in the named beneficiary. If that could be interpreted as holding that a beneficiary could not be changed in a will it is worthy to note that no Missouri case law was cited in support thereof nor has the case ever been cited in Missouri as authority for that proposition. It is also worthy to note that the policy in question required a written notice of the change of the beneficiary to be filed with the insurance company together with a surrender of the policy in order that such change could be made on the policy. No such requirements appear on the certificate of insurance in this case.

In the case of *Smith v. Smith,* 172 F.2d 399 (8th Cir. 1949) the plaintiff sought to recover proceeds of a life insurance policy under the provisions of the insured's will which provided:

> "My sister, Katharine H. Smith, has been taken care of by my life insurance policies payable at my death, therefore, I leave her nothing."

The facts indicate that there were three policies of insurance which were payable to the plaintiff. In addition there was an income certificate issued by a life insurance company in which Maryan R. Smith, the defendant, was the beneficiary. The Court found no rational basis that the above quoted testamentary provision indicated an intent on the part of the insured to change the name of the designated beneficiary in the income certificate; however, the Court specifically stated, l.c. 400:

> "We find it unnecessary to determine whether the testator could, by his will, have made Katharine H. Smith the beneficiary of his income certificate or have made Maryan R. Smith a constructive trustee of the proceeds of the certificate for Katharine H. Smith's benefit."

I think it can be reasonably concluded that in the *Smith* case the Eighth Circuit Court of Appeals did not conclude that the case of *Nance v. Hilliard, supra,* prohibited a change of beneficiary by the Last Will and Testament of the insured.

In the case of *Prudential Insurance Company of America v. Newsom,* 408 S.W.2d 161 at l.c. 163 (Mo.App.1966) the Court refused to state, whether under Missouri law, a provision in a will could be effective to change a beneficiary in a life insurance policy; however, the court ruled the case under the assumption, without so holding, that the testator effectively made his wife the beneficiary at the time he executed the will. In that case the insured executed his Last Will and Testament naming his wife as beneficiary of the policy in question on August 10, 1960. Thereafter on May 11, 1964 the insured, testator, requested that his son be named as beneficiary and subsequently the certificate designated the son as the beneficiary for death benefits. The court held that even assuming that the will was effective to name the wife as the beneficiary it did not prevent the subsequent changing of the beneficiary.

In the case of *Phoenix Mut. Life Ins. Co. v. Cummings, supra,* the court construed a letter written by a serviceman while on the field of battle in the South Pacific as a soldier's Last Will and Testament. In that letter it was clearly indicated that he wanted his parents to be the beneficiaries of a policy of insurance in which the named insured was the soldier's former wife who had previously obtained a decree of divorce from him. While the Court concluded that the insured, being on the field of battle, had done all under his power to change the beneficiary, there is considerable indication in the court's opinion that the soldier's will was effective in itself to change the beneficiary.

There are numerous cases in which Missouri courts have held that the beneficiary of a life insurance policy can be changed by a contract outside of the policy. In *General American Life Insurance Co. v. Rogers,* 539 S.W.2d 693 (Mo.App.1976) there had been a property settlement agreement between the insured and his former wife in which he agreed to keep certain policies in full force

and effect for the benefit of the children of that marriage. Thereafter he executed a change of beneficiary which was filed with the insurance company adding his second wife as a beneficiary. The court held that the change in beneficiary could not divest the children of their right to the proceeds of the policy and that the second wife as an added beneficiary had no right to any of the proceeds. In the case of *Prudential Life Ins. Co. of America v. Gibson,* 421 S.W.2d 26 (Mo.App.1967) the insured had agreed in a separation agreement to maintain certain policies of insurance for the benefit of the first wife. The insured thereafter remarried naming his second wife as the beneficiary. The court held that the change in beneficiary was not effective and the second wife was not entitled to any of the proceeds of the policy in which she was named as the beneficiary.

In the case of *Perry v. Perry,* 484 S.W.2d 257 (Mo.1972) the proceeds of the life insurance policy were paid to the designated beneficiary; however, by reason of a contract outside of the policy the court subjected such funds to a constructive trust.

The Court's decision in this case is not without the support of other authorities as will be reflected by the following: *Franklin Life Insurance Company v. Mast,* 435 F.2d 1038 (9th Cir. 1970); *U. S. v. Pahmer,* 238 F.2d 431 (2nd Cir. 1956); *Clements v. Neblett,* 237 Ark. 340, 372 S.W.2d 816 (1963); and *Pan American Life Insurance Company v. De Cobian Alvarez,* 160 F.Supp. 292 (D.C. Puerto Rico 1958).

It is the Court's finding in this case that the insured's last expression as to who he desired to have the proceeds of the policy in question was set forth in Paragraph Second of his Last Will and Testament; therefore, it is the judgment of this Court that the funds paid into the registry of this Court by plaintiff, Connecticut General Life Insurance Company, having a present balance of $13,330.32 be divided equally between Sandra Jacquiline Barnes and Mary Katherine Potter and the Clerk is directed to distribute said funds equally with costs to be assessed against defendant Stephen Jesse Peterson.

IT IS SO ORDERED.