BENNETT, EXRX., APPELLEE, *v.* BENNETT, APPELLANT, ET AL.

(No. 3482—Decided May 1, 1942.)

*Messrs. Hutchison & Firestone,* for appellee.
*Mr. Carl C. Hoyt,* for appellant.

DOYLE, P. J.   There is presented in this appeal on questions of law from the Probate Court of Summit county the judgment of the said court in a proceeding which, although styled "petition for construction of will," could properly be determined to be a proceeding for a declaratory judgment.

The action was instituted in the Probate Court by the executrix under the will of Isaac Granvil(le) Bennett, deceased, and the court was called upon to instruct the executrix "as to her duties in the premises."

The facts are:

1.   Plaintiff's decedent was issued a contract of insurance by the Aetna Life Insurance Company in the principal sum of $2500.   His wife, Mary Bennett (the executrix herein), was the named beneficiary.

2.   Plaintiff's decedent and his wife, Mary Bennett,

entered into an agreement with the Goodyear State Bank with reference to a certain bank deposit in the name of plaintiff's decedent, which provided that in the event of the death of one the account was payable to the survivor. The specific language is: "Either may draw—balance at death of either, payable to survivor."

3. Plaintiff's decedent executed a will subsequent to the above transactions. The controversial item is in the following language:

"I give, devise and bequeath to my beloved son, Earl Bennett, and my beloved wife, Mary E. Bennett, share and share alike, all the residue of my estate, both real and personal, including insurance, money in the bank, money due me, or otherwise." •

4. The contract of insurance provided:

"Any employee insured hereunder may designate a new beneficiary as often as desired by written request filed at the home office of the company. Such designation shall take effect as of the date of execution of such request, whether or not the employee be living at the time of such filing, but without prejudice to the company on account of any payment made by it before receipt of such request at its home office."

5. The insurance money was paid direct to the named beneficiary, Mary E. Bennett.

6. The bank account was given over to the "survivor," Mary E. Bennett.

7. Neither the insurance money nor the bank account were included in the inventory of the estate, and no exceptions were filed to such inventory.

The evidence before this court justifies the conclusion that the life insurance money paid to the wife in her individual capacity as the named beneficiary in the insurance policy is not an asset of the estate of

her husband, and the provision in the residuary clause of the will which bequeaths to the testator's son and his wife, "share and share alike, all the residue of * * * [the testator's] estate, both real and personal, including insurance," does not effect a change of beneficiary. The evidence is conclusive of the fact that no attempt was made by the testator in his lifetime to comply with the terms of the contract of insurance regulating a change of beneficiary. And under such circumstances the general language used in the residuary clause of his will does not effect such a change when at the time of execution and thereafter the contract of insurance was in force.

The right of a husband and wife to contract for a joint and survivorship bank account is recognized in this state. Such a contract which places a deposit to the general joint account of a husband and wife, and payable upon the death of either to the survivor, makes the bank the debtor of each, and they in turn become the bank's creditors to the extent of the amount of the deposit; and upon the death of either, the bank becomes the debtor of the survivor to the extent of the amount remaining in the deposit. *In re Estate of Hutchison,* 120 Ohio St., 542, 166 N. E., 687; *Sage, Exr.,* v. *Flueck,* 132 Ohio. St., 377, 7 N. E. (2d), 802.

Such a contract we find to exist in the instant case. And such contract cannot be violated nor its terms changed by a stipulation in the residuary clause of a will, under circumstances as shown in this record. The fund in the instant case was not an asset of the estate.

The will under consideration specifically disposed of other property of the deceased. (It is worthy of note, however, that the only insurance contract and the only "money in the bank" possessed by the testator at the time of his death are those mentioned *supra.*)

One provision of the will devised a life estate in the homestead to the widow. The question has arisen as to her position if she elects to "take under the will" or "under the statute of descent and distribution." Section 10504-55, General Code.

This query is answered with the pronouncement that if the wife elects to take under the will she is required to give to the estate the insurance and bank account money, which money, as heretofore noted, the testator bequeathed in his will. If she elects to take under the statutes of descent and distribution she has no duty to the estate in that respect.

The above pronouncement applies to the facts of this case the doctrine that an attempt by one "to dispose of the property of another, though ineffectual as a disposition, is clearly indicative of that intention." And "It is to prevent the frustration of that intention by the failure of any of its parts" that the beneficiary is required to make good the attempted disposition of her property or to relinquish the benefit proposed by the will. In other words, if one elects to take the benefits under a will she must assume the burden annexed thereto, as evidenced by the expressed intention of the testator. See *Bebout* v. *Quick,* 81 Ohio St., 196, 90 N. E., 162.

The judgment of the Probate Court is affirmed.

*Judgment affirmed.*

STEVENS and WASHBURN, JJ., concur.