Luttrell, Appellant, *v.* Luttrell et al., Appellees.

[Cite as Luttrell v. Luttrell, 4 Ohio App. 2d 305.]

(No. 217—Decided August 2, 1965.)

*Mr. Kenneth O. Stone,* for appellant.
*Messrs. Pusateri & Riley,* for appellee J. Edward Luttrell.
*Mr. Russell Mack,* for appellee Stanley J. Bowers, Tax
Commissioner.

Hover, J.  This is an appeal on questions of law from a
judgment of the Probate Court on a petition of the plaintiff,
appellant herein, both individually and as co-administratrix of
the estate of James E. Luttrell, for a declaratory judgment of
that estate's interest, if any, in and to certain real estate con-
sisting of an approximate one hundred and twenty acre tract
known herein as the "Adams" tract.  The question presented
to the court below was whether the deceased James owned the
Adams tract in fee simple or only for life.  The facts are not in
dispute and may be summarized as follows:

In 1912, the Adams tract was deeded to Martha Luttrell
(the mother of James, the present decedent) and to the heirs
of her body forever.  Martha Luttrell died testate in 1934 (her
son James being her administrator with will annexed), leav-
ing the Adams tract and other real estate of which she had a
right to dispose to her son, James, for his life and to the heirs
of his body forever.  Her spouse, pursuant to statute, elected
to take under her will.  As a result of the probate proceedings,
a certificate of transfer of all the realty involved in Mar-
tha's estate was directed by the Probate Court to the County
Recorder of Clinton County.  This certificate directed that cer-
tain of the real estate be transferred to Martha's widower for
life; that the Adams tract be transferred to her son, James,
for life, together with a remainder interest in another parcel
and a fee simple interest in various other parcels; and the re-
mainder interest in the real estate, including the Adams tract,
was ordered transferred to J. Edward Luttrell, the son of James
and the principal defendant in the within case.

James has now died intestate leaving a widow, Mildred
Luttrell, the present plaintiff, the appellant herein, and one son,
J. Edward Luttrell, a present defendant-appellee.

The court below determined that the decedent, James, had
only a life estate in the Adams tract and, accordingly, it

should not be included in his estate. This holding is in line with an established equitable theory that although James became seized, upon the death of his mother, Martha, with a fee simple interest in the Adams tract which vested in him at her death (see *In re Estate of Jones,* 44 Ohio Law Abs. 339) by virtue of the deed to her; he, nevertheless, waived his claim to a fee simple title when he accepted a life estate only under Martha's will, apparently because it was coupled with the bequest of certain other tracts of real estate which he might not otherwise have inherited. The theory is rather universal in application that a person cannot accept the benefits accruing to him by a will and, at the same time, refuse to recognize the validity of the will in other respects. This doctrine of an equitable election under the circumstances is well established and has been frequently applied in this state. *White* v. *Brocaw,* 14 Ohio St. 339; *Jennings* v. *Jennings,* 21 Ohio St. 56; *Johnston, Admr.,* v. *Swickard,* 48 Ohio Law Abs. 77; *Bennett, Exrx,* v. *Bennett,* 70 Ohio App. 187; *Bebout* v. *Quick,* 81 Ohio St. 196. The court below apparently accepted and applied this doctrine to the facts before it.

Since this is an action, however, for a declaratory judgment in which the court is called upon to make a declaration of all the pertinent rights of the parties involved, one recognized exception to the doctrine of equitable election must be taken into consideration. The doctrine may not be applied to the prejudice of third parties. In the case of *Hibbs* v. *Insurance Co.,* 40 Ohio St. 543, it was held that the election which had been made by the legatee was not effective to deprive a mortgagee of his interest in the real estate. Similarly, the same ultimate holding was reached under an exceedingly complicated set of facts in *Bebout* v. *Quick* above, where it was held that a legatee electing to take under a will could not thereby deprive other persons of their interest in the property.

The record in this case, even though reference is had to the court proceedings relative to the estates of Martha Luttrell, her husband, Elisha Luttrell, and now the estate of James E. Luttrell, all of which are incorporated in this record by proper reference, still fails to demonstrate whether the present plaintiff, Mildred Luttrell, was married to the deceased James E. Luttrell at the time when he, James, made his election to take

his interest in the Adams tract under the Martha Luttrell will rather than the preceding deed. If James and Mildred Luttrell were married at the time he chose to waive his fee simple title to the Adams tract, he thereby deprived her of her dower interest in the tract, which interest attached immediately upon the death of Martha. On the other hand, if Mildred and James were not married at the time James elected to take his interest in the Adams tract under the Martha Luttrell will, there was no existing interest in the Adams tract of which his wife, Mildred, would be deprived.

This case is accordingly remanded to the Probate Court of Clinton County for further proceedings under the declaratory judgment petition leading to a determination of whether James and Mildred were husband and wife at the time Martha Luttrell's real estate was transferred. If they were, it becomes incumbent upon the court in the declaratory judgment action to determine the extent of Mildred's interest in the Adams tract along the general principles indicated in *Bebout* v. *Quick* above, and in *Geiger, Exr.,* v. *Bitzer*, 80 Ohio St. 65. If Mildred was not married to James at the time he elected to take under his mother's will, the determination of the court below that the estate of James Luttrell has no interest in the Adams tract, and that Mildred Luttrell as an individual has no interest in it, stands as a correct statement of the law of this case.

Accordingly, the cause is remanded for further proceedings as indicated herein.

*Judgment accordingly.*

HILDEBRANT, P. J., and LONG, J., concur.