[Cite as *Evans v. Willis*, 2014-Ohio-1822.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ANNE M. EVANS | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13-CA-120 |
| | : | |
| NANCY WILLIS, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of
                             Common Pleas, Case No. 12 CV 00782



JUDGMENT:                    AFFIRMED



DATE OF JUDGMENT ENTRY:       April 22, 2014



APPEARANCES:

For Plaintiff-Appellant:                For Defendants-Appellees:

DAVID Q. WIGGINTON                      No Appearance
Schaller, Campbell and Untied
P.O. Box 309
32 North Park Place
Newark, OH 43058

*Delaney, J.*

{¶1}   Plaintiff-Appellant Anne M. Evans appeals the judgments of the Licking County Court of Common Pleas denying her request for access to 190 North Main Street, Johnstown, Licking County, Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   Plaintiff-Appellant Anne M. Evans is the daughter of Mildred A. Ashbrook and William A. Ashbrook, Jr. William A. Ashbrook, Jr. passed away. The Last Will and Testament of William A. Ashbrook, Jr. made a conditional bequest to Anne M. Evans and her siblings of real property that included a parcel located at 190 North Main Street. In order to comply with the conditional bequest, on February 17, 1993, Evans and her siblings entered into a "Life Lease Determinable (Subject to Divestment) / Fulfillment of Condition for Conditional Bequest(s)."

{¶3}   The Life Lease stated that, "Mildred A. Ashbrook shall have the right to remain in the 190 North Main Street, Johnstown, Licking County, Ohio, premises as LESSEE thereof, but with no rental being payable by her while she remains in the home and continues to make her home. * * * She shall have the right so to do and the duty so to do for the rest of her life, or, in the event that she should choose to decide that she no longer desires to make same her home, she may terminate the same with reasonable notice to LESSOR in writing * * *." The Life Lease named Anne M. Evans and her siblings as the "lessor." The Life Lease named Mildred A. Ashbrook as the "lessee."

{¶4}   On June 6, 2012, Evans filed a complaint for partition of the three parcels bequeathed to Evans and her siblings by their father. Through a settlement of the issues, Evans and her sister purchased the parcel of property located at 190 North Main

Street. Evans filed a pro se motion to enter the premises located at 190 North Main Street occupied by her mother, Mildred Ashbrook. Mildred Ashbrook would not allow Evans access to the property. Evans argued she was entitled to access to the home as the lessor so that she could take an inventory of the home.

{¶5} On October 7, 2013, the trial court denied Evans's motion for access to the 190 North Main Street. The trial court stated the terms of the Life Lease were silent as to access to the home, thereby giving the life lease holder the right to limit access to the home. The trial court reiterated its judgment as to the issue of access through judgment entries filed on November 7, 2013 and December 9, 2013.

{¶6} It is from these judgments Evans now appeals.

## ASSIGNMENT OF ERROR

{¶7} Evans raises one Assignment of Error:

{¶8} "THE TRIAL COURT ERRED WHEN IT FOUND THAT THE TERMS OF THE LIFE LEASE WILL DICTATE PLAINTIFF'S ACCESS TO THE PREMISES; THE OHIO REVISED CODE PROVIDES AN UNWAIVABLE RIGHT TO ACCESS."

## ANALYSIS

{¶9} The instant case comes to us on the accelerated calendar. App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be

sufficient compliance with App.R. 12(A) for the statement of the reason for

the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶10} One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Assn.,* 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶11} This appeal will be considered with the above in mind.

*I.*

{¶12} Evans argues the trial court erred when it denied Evans the right to access the property located at 190 North Main Street.  It is Evans's contention that the Ohio Landlord Tenant Act codified in Chapter 5321 governs the terms of the Life Lease and provides Evans as landlord the right of reasonable access to the premises. We disagree.

{¶13} R.C. 5321.05(B) states that a tenant who is party to a rental agreement shall not unreasonably withhold consent for the landlord to enter into the dwelling unit in order to inspect the premises. The issue in this case is whether the Life Lease is a rental agreement, subject to the requirements of R.C. 5321.01 et seq.? Alternatively, is the Life Lease a life estate to which Ohio Tenant Landlord Law is not applicable?

{¶14} R.C. 5321.01(D) defines a "rental agreement" as, "any agreement or lease, written or oral, which establishes or modifies the terms, conditions, rules, or any other provisions concerning the use and occupancy of residential premises by one of the parties."

{¶15} A life estate terminates at the death of the tenant. The "fee is vested in the remainderman and not in the life tenant, and the remainder does not pass to the remainderman as an estate of inheritance from and through the life tenant, but rather the remainderman takes from the grantor or devisor directly as an estate by purchase from the death of the life tenant." *In re Fleckenstein*, 12th Dist. Warren Nos. CA97-05-048, CA97-07-075, 1998 WL 27235, *5 (Jan. 26 1998) citing *In re Jones' Estate*, 64 N.E.2d 609 (1943). This court defined a life estate in *Bush v. Bush*, 5th Dist. Muskingum No. 87-28, 1988 WL 42481, *2 (Apr. 27, 1988):

A life estate is a freehold estate which is held by the tenant for his own life. See, *Lape v. Lape* (1920), 22 ONP NS 392. The life tenant is entitled to full use and possession of the property subject to the limitation that the estate of those are to follow in possession not be permanently diminished in value by his/her neglecting to do that which an orderly prudent person would do in the preservation of his own property, or by doing those things which are not necessary to the full enjoyment of the particular estate and which have the effect of permanently diminishing the value of the future estate. See *Johnson v. Johnson* (1894), 51 Ohio St. 446.

{¶16} R.C. 2105.20 provides for forfeiture of a life estate as follows:

A tenant for life in real property who commits or suffers waste thereto shall forfeit that part of the property, to which such waste is committed or suffered, to the person having the immediate estate in reversion or remainder and such tenant will be liable in damages to such person for the waste committed or suffered thereto.

{¶17} A review of the facts of this case demonstrates that the Life Lease is not a rental agreement as defined by R.C. 5321.01. The Life Lease formalizes a life estate in 190 North Main Street held by the life tenant, Mildred A. Ashbrook. The Life Lease was created based on a conditional bequest of property by William A. Ashbrook, Jr. to his children in his last will and testament. The Life Lease gives Mildred A. Ashbrook the right to live at 190 North Main Street for the rest of her life. The Life Lease contains terms that states the life tenant shall not commit waste:

> If LESSEE performs the undertakings of LESSEE to be kept and performed according to the provisions and conditions hereof, she shall peaceably and quietly hold, occupy and enjoy said premises during the term hereof without any hindrance or molestation by LESSOR, their heirs, devisees, successor or assigns. LESSEE shall, of course, continue as she always has to use said premises in a careful, safe, and proper manner solely for her residential dwelling and for no other purpose; LESSEE shall, of course, especially not use the same in any manner whatsoever, which will be unlawful, and shall not commit waste therein. LESSEE, of course, agrees to indemnify and hold harmless LESSOR from any and all loss occasioned by LESSEE'S use of said premises for any illegal purpose.

This is similar language to that found in R.C. 2105.20.

{¶18} Evans argues by the use of the terms of "lessor" and "lessee," the Life Lease was intended to be a rental agreement pursuant to R.C. 5321.01. We find the words "lessor" and "lessee" are terms of art, such as the use of "life tenant" or "tenants in common." The words define the owners' interest in real property.

{¶19} Based on the facts presented, we find the Life Lease is not a rental agreement, but rather a life estate, and the requirements of Ohio Tenant Landlord Law do not apply. The trial court was correct in its interpretation of the Life Lease and the life tenant's ability to control access to the property is defined pursuant to the terms of the Life Lease.

{¶20} The sole Assignment of Error of Plaintiff-Appellant Anne M. Evans is overruled.

## CONCLUSION

{¶21} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.

HON. PATRICIA A. DELANEY

HON. W. SCOTT GWIN

HON. WILLIAM B. HOFFMAN