[Cite as *Reel v. Reel*, 2014-Ohio-5079.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| KATHRYN M. REEL, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2014-T-0023** |
| RANDY K. REEL, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2012 CV 888.

Judgment: Affirmed.

*Randil J. Rudloff*, Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Plaintiff-Appellant).

*George E. Gessner*, Gessner & Platt Co., L.P.A., 212 West Main Street, Cortland, OH 44410 (For Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from the Trumbull County Court of Common Pleas. Appellant Kathryn M. Reel appeals a judgment finding appellee Randy K. Reel did not forfeit or lose his life estate on part of Kathryn's property. Within this appeal, she asserts that the trial court erred in determining that Randy had not forfeited his life estate. For the following reasons, we affirm.

**{¶2}** The parties agreed on the following facts in their respective complaint and answer. Kathryn is the daughter-in-law of Fred and Vivian Reel. Kathryn was married to the now deceased Roger R. Reel. She is also the stepmother to appellee Randy K. Reel. Fred and Vivian originally owned the property at issue in a joint survivorship. Shortly after Vivian died in 1993, Fred executed and recorded an affidavit for transfer of property held in joint and survivorship status. On April 19, 1995, Fred executed and recorded a survivorship deed between himself and Roger. On September 11, 2001, Fred, Roger, and Kathryn executed a joint and survivorship deed to Roger and Kathryn concerning the property at issue, and the deed was recorded on September 18 of that year. Roger Reel died on February 5, 2012, and ten days later Kathryn executed an affidavit for transfer of property held in joint and survivorship status, thereby becoming the sole owner of the property at issue.

**{¶3}** The magistrate found the following facts at the hearing. On July 20, 1994 Fred executed a document entitled "Grant of Life Estate" in which Randy was granted a life estate in a portion of the 15 acre parcel now owned by Kathryn. This life estate was never recorded. Importantly, the life estate contains the following language: "This life estate cannot be assigned to anyone else and Randy K. Reel shall pay to whoever is the legal title holder of said 15 acre parcel the tax value of this 'lot' of land that Randy K. Reel currently uses for his modular home." In the event the life estate terminates, the land reverts back to Kathryn.

**{¶4}** Kathryn testified that the claimed life estate was never known to her or husband Roger, until April 2005 when Randy revealed the existence of the life estate in a separate proceeding between the parties. At the hearing, Kathryn asserted that the

2

expenses she and Roger paid toward Fred's end of life care and funeral constituted consideration in exchange for the property, and therefore they are bona fide purchasers of the property. The magistrate rejected this proposition, as he found that Randy had been occupying the modular home on the property without paying rent for a number of years. Therefore, the magistrate concluded that Kathryn and Roger did not acquire the property without notice of his interest.

{¶5} Furthermore, the magistrate found on October 12, 2007, Kathryn and Roger sent Randy a letter via certified and regular U.S. mail demanding that Randy vacate the life estate property for failure to pay taxes and maintain the property. The certified mail was returned unclaimed; however, the magistrate presumed that the copy of the notice sent through regular mail arrived at Randy's property. The magistrate further found that Randy did not pay taxes during the time Fred owned the property because, according to Randy, Fred did not want money for the taxes. The magistrate credited Randy's testimony indicating that Randy has always been willing to pay the taxes for his property, but that he was never informed of and never inquired as to the amount of taxes he owed. The magistrate calculated that Randy owed a total of $681.85 or around $48.60 per year for 13 years. The magistrate found that Kathryn and her husband never "bothered to breakdown by way of an annualized statement" the amount of taxes Randy owed.

{¶6} As the sole assignment of error, Kathryn asserts: "The trial court erred in holding that appellee's life estate should not be terminated when appellee failed to record the grant of life estate instrument, failed to pay real estate taxes for the life estate premises, and committed waste to the life estate premises."

3

{¶7} This assignment contains three arguments, namely, (1) the unrecorded life estate is invalid because she and her husband are bona fide purchasers having acquired the property for value and without knowledge of the life estate, (2) Randy's failure to pay real estate taxes on his portion of the property constitutes waste and results in forfeiture of his life estate, and (3) the various items belonging to Randy laying outside of his mobile home constitute waste, and therefore Randy has forfeited the life estate.

{¶8} Although we are aware of Kathryn's ultimate argument concerning the first issue, in her brief, she does not identify the error that the she believes the trial court made. She merely asserts that the trial court was wrong without stating why. App.R. 16(A)(7) requires an appellant's brief to provide "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and *the reasons in support of the contentions*, with citations to the authorities, statutes, and parts of the record on which appellant relies." (Emphasis added.) It is not an appellate court's duty to guess the arguments of an appellant. *Kuper v. Halbach*, 10th Dist. Franklin No. 09AP-899, 2010-Ohio-3020, ¶86. Therefore, we could resolve this issue on upon App.R. 16(A)(7) alone. However, it is clear that the magistrate rejected her argument below concluding Kathryn was not a bona fide purchaser. Therefore the first issue will be reviewed as a manifest weight challenge.

{¶9} In civil cases, when conducting a manifest weight of the evidence review, the court of appeals should affirm a decision that "'is supported by some competent, credible evidence.'" *Bryan-Wollman v. Domonko*, 115 Ohio St.3d 291, 2007-Ohio-4918, 874 N.E.2d 1198, ¶3, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-

4

2202, 865 N.E.2d 1264. Further, a court has a duty to presume findings of fact are correct. *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80-81, 10 Ohio B. Rep. 408, 461 N.E.2d 1273 (1984). Finally, "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Id.* at 81.

{¶10} R.C. 5301.25(A) provides in pertinent part that: "[a]ll deeds, land contracts * * * and instruments of writing properly executed for the conveyance or encumbrance of lands, tenements, or hereditaments * * * shall be recorded in the office of the county recorder of the county in which the premises are situated. Until so recorded or filed for record, they are fraudulent insofar as they relate to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of that former deed, land contract, or instrument." "A bona fide purchaser has been defined as one who takes in good faith, for value, and without actual or constructive notice." *Biviano v. Edward C. Mahan Trust*, 11th Dist. Trumbull No. 2002-T-0089, 2003-Ohio-6699, ¶19.

{¶11} On direct examination, Kathryn testified that she first learned of the life estate when she attempted to evict Randy from the property. However, on cross-examination, Kathryn admitted Randy had been living on the property since the 1980s, and that she and her husband never discussed why Randy was living there. Additionally, Randy testified that at a family get-together in 1994 he told various family members, including Kathryn and her husband, that Fred had given him a life estate in the property. Kathryn denied that the conversation ever took place.

5

{¶12} The magistrate concluded that Kathryn and her husband were not bona fide purchasers of the property finding that Randy has been living on the property for decades without making any payment, and "it was clearly assumed from the evidence that [granting the life estate] was the wish of his grandfather." Accordingly, the trial court's findings that Kathryn possessed constructive or actual notice of Randy's interest are not against the manifest weight of the evidence.

{¶13} In the second issue, Kathryn argues that Randy failed to pay real estate taxes for his portion of the life estate resulting in waste and forfeiture. In this regard, the magistrate found that Randy did not receive notice of the amount of taxes owed, and therefore could not have forfeited his life estate.

{¶14} R.C. 2105.20 governs the forfeiture of life estates. It states in pertinent part: "[a] tenant for life in real property who commits or suffers waste thereto shall forfeit that part of the property, to which such waste is committed or suffered, to the person having the immediate estate in reversion or remainder * * *." By forbidding the life tenant to commit or suffer waste, R.C. 2105.20 forbids the tenant for life from permanently diminishing the property value by acting contrary to how a reasonable prudent person would act to preserve his own property. *See Evans v. Willis*, 5th Dist. Licking No. 13-CA-120, 2014-Ohio-1822, ¶15 quoting *Bush v. Bush*, 5th Dist. Muskingum No. CA-87-28, 1988 Ohio App. LEXIS 1752, *2 (Apr. 27, 1988). A life tenant's failure to pay taxes is a form of waste. *Stephens v. Boothby*, 40 Ohio App.2d 197, 200, 318 N.E.2d 535, 537 (3d Dist.1974).

{¶15} Kathryn argues that Randy's lack of notice of how much he owed is inapposite, because, according to Kathryn, in *McMillan v. S.Z. Robbins*, 5 Ohio 28

6

(1831) the Ohio Supreme Court declared a blank rule that any failure to pay real estate taxes by the life tenant results in a forfeiture of the life estate. In *McMillan*, the Ohio Supreme Court found that a life tenant who failed to pay taxes, thereby causing the land to be sold, and consequently redeemed by the remainderman, forfeited her life estate. *Id.* The trial court found *McMillan* inapplicable and distinguishable. We agree.

{¶16} Here, no tax sale took place. Furthermore, the modern revised code contains a separate section governing forfeiture of a life estate for failure to pay taxes. *Bush*, 1988 Ohio App. LEXIS 1752, at *5. Specifically, R.C. 323.44 states in pertinent part, "If any person seized of lands in dower or for life fails to pay the taxes thereon so that such lands are sold for the payment thereof, and such person does not redeem them according to law within one year after such sale, he shall forfeit to the person next entitled to such lands in remainder or reversion all the estate which he has in such lands. The remainder-man or reversioner may redeem the lands in the same manner as other lands are redeemed after being sold for taxes." Given the similarity of R.C. 323.44 to the holding in *McMillan*, R.C. 323.44 appears to have codified that rule. Furthermore, *McMillan* concerns a situation where no one had paid the real estate taxes, whereas here Kathryn paid the taxes and is seeking compensation for the taxes paid. Finally, at least one Ohio court has found that a life tenant's failure to pay real estate taxes does not automatically result in a forfeiture of the life estate. *Foster v. Foster*, 5th Dist. Coshocton Nos. 79-CA-19 & 79-CA-21, 1980 Ohio App. LEXIS 13928, *19 (July 31, 1980). Accordingly, we find that *McMillan* does not mandate automatic forfeiture of a life estate whenever the life tenant has failed to pay taxes. Consequently, Kathryn has failed to demonstrate that the trial court erred. *Urda v.*

*Buckingham, Doolittle, & Burroughs*, 9th Dist. Summit No. 23226, 2006-Ohio-6915, ¶33 (noting that the appellant has a duty to demonstrate error on appeal).

{¶17} As to the third issue, Kathryn argues that, various items located on the property constitute waste. In support, Kathryn provided photographs of various items she deems junk. The magistrate found these items do not constitute waste as envisioned in the statute because no health department or township zoning cleanup was ever requested, and these items do not cause permanent damage to the property. It suffices to say that the photography items could be removed from the property with little time or effort and therefore do not permanently diminish the value of the life estate.

{¶18} The sole assignment of error is without merit.

{¶19} The judgment of the trial court is affirmed.


CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.